

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2004

# Wright v. Montgomery Cty

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1536

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Wright v. Montgomery Cty" (2004). *2004 Decisions.* Paper 1085.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1085

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1536

ROBERT E. WRIGHT, SR.,

Appellant

v.

MONTGOMERY COUNTY; MONTGOMERY COUNTY COMMISSIONERS;
MARIO MELE; RICHARD BUCKMAN; JOSEPH HOEFFEL;
MAILLIE FALCONIERO; GEORGE FALCONERO

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 96-04597)
Honorable Herbert J. Hutton, District Judge

Submitted under Third Circuit LAR 34.1(a)
January 12, 2004

BEFORE: BARRY, SMITH, and GREENBERG, Circuit Judges

(Filed: January 14, 2004)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before the court on the appeal of plaintiff Robert E.

Wright, Sr. from an order entered in the district court on January 24, 2003, denying his

motion for a new trial following a jury verdict for the appellees in this employment discrimination case. Wright characterizes this action as one "seeking declaratory and damage relief based upon discrimination in terms and conditions of employment [he] suffered . . . due to his race, for being outspoken at the workplace about his mistreatment due to his race and for his retaliatory discipline and termination by the Appellees on the basis of his race and retaliation." Appellant's br. at 2. In particular Wright was terminated as director of the Montgomery County, Pennsylvania, Department of Housing Services.

In his notice of appeal Wright indicates that he is appealing from numerous orders culminating in the order denying his motion for a new trial. In his brief, however, he summarizes the issues as follows:

> I. Whether, in an action for retaliatory termination for speaking out against the County's racially discriminatory employment practices, the District Court abused its discretion by effectively precluding and denying [him] an opportunity to present critical evidence at trial by handing out 28 orders on the day of trial during the voir dire of the jury which prohibited 27 of [his] witnesses from testifying and prohibited the introduction of important testimony which supported and corroborated [his] case that race was a determinative factor in his termination.

> II. Whether, in an employment discrimination action against a county and its elected county commissioners, it was clear error for the District Court to dismiss [his] 42 U.S.C. § 1983 action for failure to state a cause of action.

> III. Whether the District Court abused its discretion, during pretrial discovery, by permitting discovery abuses by Appellees and sanctioning [him] for requesting a discovery conference.

2

IV. Whether the District Court abused its discretion by sustaining the jury's verdict and not granting [him] a new trial.

Appellant's br. at 1-2.

He then summarizes his argument as follows:

In an otherwise routine employment discrimination case, the abuse of discretion by the District Court on the morning of trial, by handing down 28 orders on matters which had been outstanding for more than three years, requires that [he] be granted a new trial. The blanket exclusion of 27 of [his] witnesses without explanation or reasoning by the District Court deprived [him of] a fair trial. The excluded witnesses and issues rightfully should have been presented to the jury for them to weigh their credibility and probative value in assessing whether [his] termination . . . was racially based or business justified.

The District Court improperly dismissed the [42 U.S.C.] § 1983 claim by limiting it to a property right claim under [42 U.S.C.] § 1982.

The District Court erred when [it] sanctioned [him] for requesting a discovery conference with the District Court to cap the discovery abuse and wasteful discovery efforts of Montgomery County.

The District Court had full authority to set aside the jury verdict and grant [him] a new trial.

Appellant's br. at 6.

The district court had jurisdiction under 28 U.S.C. §§ 1331, 1343(a), and 1367 and we have jurisdiction under 28 U.S.C. § 1291. Wright concedes that we review the various orders from which he appeals on an abuse of discretion basis except that we exercise plenary review over the district court's order granting summary judgment and

dismissing his claim under 42 U.S.C. § 1983.  We agree.  See Evans v. Port Auth. of N.Y. and N.J., 273 F.3d 346, 351 (3d Cir. 2001) (reviewing order denying new trial on an abuse of discretion basis); Northview Motors, Inc. v. Chrysler Motors Corp., 227 F.3d 78, 87 (3d Cir. 2000) (exercising plenary review of order granting judgment); Walden v. Georgia-Pacific Corp., 126 F.3d 506, 516-17 (3d Cir. 1997) (stating that an abuse of discretion standard of review applies to admission of evidence); Newman v. GHS Osteopathic, Inc., 60 F.3d 153, 156 (3d Cir. 1995) (abuse of discretion standard in reviewing order with respect to sanction).

We have reviewed this matter and have examined the district court's comprehensive series of orders and dispositions from which Wright appeals.  It is clear to us that the district court was very diligent in its management of this case and, exercising the appropriate standards of review, we find no error in its numerous dispositions.  Accordingly, the order of January 24, 2003, and the earlier orders from which Wright appeals will be affirmed.

TO THE CLERK:

Please file the foregoing not precedential opinion.

/s/ Morton I. Greenberg
Circuit Judge

4